## LANE *v.* JACKSON.

### Opinion delivered September 23, 1918.

1. BROKERS—COMMISSION FOR PROCURING PURCHASER—TIME.—Where a contract of employment of a real estate broker specified the time for making a sale, it is the duty of the broker to comply with the terms of the contract in that respect, in order to be entitled to a commission on the sale.

2. VENDOR AND PURCHASER—OPTION—TIME.—Where, by the terms of a contract for an option, the exercise thereof is limited to a specified and definite time, it is necessary that the option be exercised before the expiration of such time; otherwise the right is lost.

3. BROKERS—RIGHT TO COMMISSION—INSTRUCTION.—An instruction to the effect that a real estate broker was entitled to his commission for procuring a purchaser willing and able to buy the defendants' land where the trade fell through because the defendants failed to furnish an abstract of title showing title to the land to be fully vested in them was properly refused where there was evidence tending to prove that such broker failed to call defendants' attention to the defects in the abstract in time to enable defendants to complete the abstract or perfect the title.

Appeal from Ouachita Circuit Court; *C. W. Smith,* Judge; affirmed.

*Powell & Smead* and *Etter & Monroe,* for appellants.

1. Plaintiff's instructions 1, 2 and 3 should have been given and defendant's Nos. 2, 3 and 4 should have been refused. Plaintiffs earned the commission, and it was defendant's duty to furnish a good marketable title when a willing purchaser was found. 112 Ark. 566.

2. The owner of the land did not act in good faith; the purchaser was secured within the time limit and the failure to make the trade was the owner's fault. Plaintiffs produced a purchaser ready, able and willing to buy on the terms proposed. 24 L. R. A. (N. S.) 1182; 130 Ill. App. 97; 118 S. W. 770; 121 N. W. 875.

3. The commission was duly earned, as plaintiffs had no notice of any defects in title. 86 Ala. 146; 50 So. 473; 93 Cal. 144; 28 Pac. 857; 3 L. R. A. (N. S.) 576; 163 Pac. 112; 29 Atl. 796; 17 Tex. Law App. 300; 42 S. W. 647; 43 *Id.* 929.

4. Even if defendant's title was good, if the record did not show it, this would not affect the broker's rights. 144 Mich. 395; 108 N. W. 382; 6 L. R. A. (N. S.) 855.

*Gaughan & Sifford,* for appellees.

1. A purchaser was not found within the time specified. 112 Ark. 232. The question was properly submitted to the jury by instruction No. 4.

2. The evidence fully sustains the verdict and there is no error in the instructions. Cookman was not ready, able and willing to purchase within the time. 112 Ark. 227.

McCULLOCH, C. J. This is an action instituted by appellants, W. B. Lane and F. S. Horton, against appellees to recover commissions alleged to have been earned in the sale of a tract of land containing 1,575 acres, the property of appellees, situated in Ouachita County, Arkansas. Appellants were separately engaged in the real estate business, and Lane secured a contract from appellees allowing him to sell the land and to receive as his commission all above a certain stipulated net price. Horton heard that the land was for sale through Lane, and he found a purchaser and he and Lane joined in negotiating the sale to one Cookman, who lived in Colorado.

The contract between Lane and appellees was executed in December, 1913, and it provided that any sale made thereunder must be closed up by December 1, 1914. Under the terms of the negotiated sale to Cookman, the latter was to pay $2,800 in cash, and execute five notes, each for $2,800, and convey to appellees his equity in certain real estate in Leadville, Colorado. The sale to Cookman was negotiated in August, 1914, and, pursuant to the terms of the sale, appellees executed a warranty deed and deposited the same in escrow with one of the banks in the city of Hope, Arkansas, and also delivered

to the bank at the same time an abstract of title, and the deed was to be delivered to Cookman upon his delivery of a deed conveying to appellee the Colorado property and the notes and the cash payment. Cookman delivered the deed to the bank, but did not make the cash payment. An addition was made to the abstract in September, and immediately thereafter the abstract was forwarded to Cookman. On the last day of November, 1914, one of the appellants telegraphed appellee, J. R. Jackson, to come to Hope, and when the latter reached there certain objections to the abstract were made known to him. The abstract was not, however, returned to him until December 24, and in the meantime he instructed the bank to return the deed and refused to proceed any further with the negotiations. The evidence tends to show that there were certain defects in the title to some of the lands, but according to the testimony of appellees those defects were not called to their attention until the last day of November, 1914, which was one day before the expiration of the time for closing the deal.

It is alleged in the complaint, and the testimony tends to establish it, that if a sale to Cookman had been consummated appellants would have earned a cash commission of $1,125 and that the equity in the Colorado property, which they were to receive as a part of their commission, was of the value of $4,000, making the total commission which they were to receive the sum of $5,125.

The first instruction requested by appellant, and which the court refused to give, was a peremptory one, in substance telling the jury that under the evidence adduced appellants were entitled to a verdict for the recovery of $1,125 and the reasonable cash market value of the equity in the Colorado property. This instruction was properly refused, for the reason that the evidence did not establish beyond dispute appellant's right of recovery. It is true that they proved their contract with appellee under which they operated, and they also proved the unconsummated sale to Cookman, but according to the testimony their right of recovery was de-

pendent upon the deal being closed up by a certain date, i. e., December 1, 1914, and it was a question for the jury to determine whether appellants or the purchaser they produced, acted in good faith in waiting until the last day to point out objections to the abstract of title. Under a contract specifying the time for making a sale, it is the duty of the party claiming the commission to comply with the terms of the contract in that respect, otherwise the commission is not earned. *Murray* v. *Miller,* 112 Ark. 232.

Cookman paid nothing on the purchase price and did not bind himself in any way to accept the deed. He had at most only an option to purchase, and in order to take advantage of the option it was necessary for him to comply with the terms of the sale within the specified time. *Indiana & Arkansas Lumber & Manufacturing Co.* v. *Pharr,* 82 Ark. 573.

Another instruction requested by appellants recited the terms of the contract between them and appellees, and also recited the facts concerning the negotiations with Cookman, and then proceeded as follows:

"Now you are told that under defendant's contract of December 31, 1913, and after the plaintiffs had procured a purchaser for said 1,575 acres of said land, it became and was the duty of the defendants to furnish to the purchaser, Cookman, an abstract of title to said lands, showing the title to said lands to be fully vested in them, and if you find from the evidence that they failed to do so, or that said defendants failed or refused thereafter to furnish such abstract of title, and while the said Cookman was ready, willing and able to buy the said lands on the conditions named in the deed of the defendants of August 28, 1914, then it will be your duty to return a verdict for the plaintiffs."

The objection to this instruction is that it left out of consideration entirely the question of good faith on the part of Cookman and appellants in failing to call attention to defects in the abstract at an earlier period in the negotiations than the last day before the expiration of

the specified time.   Under this instruction the jury would have been warranted in finding in favor of appellants, notwithstanding they had withheld the objections until it was too late to complete the abstract or perfect the title before the expiration of the time for consummating the sale.   According to the undisputed evidence adduced, appellees furnished the abstract more than three months before the date for closing the deal, and it was the duty of appellants or the proposed purchaser, Cookman, to examine the abstract and point out defects in apt time. We think the court did not err in refusing to give this instruction.

The instructions given by the court submitting the case to the jury were free from objection and correctly presented the law of the case.

We fail to discover any error in the record.

Judgment affirmed.